# Torridon Law PLLC

801 17th St. NW, Suite 1110
Washington, DC 20006
(202) 249-6900

September 29, 2025

**VIA CM/ECF**

Hon. Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

Re:  *Torres & Wilson v. Carlson, et al.*, 1:25-cv-03474-CM

Dear Judge McMahon:

MEMO ENDORSED

This firm, together with the Louis D. Brandeis Center for Human Rights Under Law, represents plaintiffs Mariano Torres and Lester Wilson (together, "Plaintiffs") in the above referenced action. We write to request the Court's permission to file a single consolidated memorandum opposing the motion to dismiss filed by defendant The People's Forum ("TPF"), ECF No. 36, and the forthcoming motion to dismiss to be filed by defendants Carlson, Parisi, Fithian, and Choi (collectively, the "Individual Defendants"), *see* ECF No. 35, which is due to be filed on or before October 20, 2025. Additionally, we respectfully request the Court's permission to exceed the usual page- and word-count limitations, *see* Individual Practices and Procedures Rule V.D.; L. Civ. R. 7.1, by filing a consolidated memorandum not to exceed 40 double-spaced pages (approximately 14,000 words). Should the Court grant this request, Plaintiffs propose filing the consolidated opposition memorandum on or before November 12, 2025.

The extension of time for Plaintiffs to respond to TPF's motion and leave to file an overlength, consolidated memorandum is warranted for several reasons.

*First*, an extension of time and expansion of the default page- and word-limitations is necessary for Plaintiffs to submit a consolidated opposition, which would promote efficiency and conserve judicial resources. We anticipate that many of the issues raised by the motions will overlap, so filing separate opposition briefs would result in duplicative briefing. Allowing Plaintiffs to respond to both motions in a consolidated opposition memorandum after the Individual Defendants have filed their forthcoming motion would be more efficient for all parties and the Court.

*Second*, with respect to length, submitting a consolidated brief will require more pages than the default allowance of 25 pages. Plaintiffs seek 40 double-spaced pages (approximately 14,000 words), which is a full ten fewer pages than the 50 pages the rules afford Plaintiffs if they were to file two separate opposition memoranda. This expansion is also justified because TPF's memorandum of law, ECF No. 36-1, did not use Microsoft Word's standard setting for "double spacing," and as a result, fit nearly 9,600 words into its 25-page brief, *see Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021) (noting that in the context of Judge Caproni's

**Torridon Law PLLC**

Hon. Colleen McMahon, U.S.D.J.
September 29, 2025
Page 2 of 2

individual preferences limiting memoranda to 25 double spaced pages, double spacing means "Microsoft Word's standard double-spacing setting," and not "24-point spacing.").[1]

*Third*, with respect to timing, Plaintiffs only seek to align the different deadlines to respond to Defendants' motions. The proposed deadline of November 12 is 23 days after Individual Defendants' motion is due to be filed. The original deadline to oppose TPF's motion to dismiss is October 3, 2025. No previous requests were granted or denied—this is the first extension of the time sought by Plaintiffs to oppose TPF's motion. This extension will not impact any other deadline as there is no Scheduling Order in place yet, and counsel for all Defendants have indicated that they do not oppose Plaintiffs filing an overlength, consolidated opposition on November 12. Should the Court grant this request, Defendants similarly request that, and Plaintiffs consent to, Defendants filing their reply memoranda on or before December 12, 2025.

If the Court were to deny Plaintiffs' request to file a consolidated opposition memorandum on or before November 12, 2025, we would request a modest one-week extension of the October 3, 2025 due date to oppose TPF's motion to dismiss because both Jewish holidays of Rosh Hashanah and Yom Kippur, observed by the majority of Plaintiffs' counsel, have fallen during standard 14-day period to oppose TPF's motion to dismiss.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

s/Brett D. Katz

cc:   All counsel of record (via CM/ECF)

---

[1] Counsel for TPF have represented that their non-use of Microsoft Word's standard setting for double spacing was not for the purpose of evading page limitations, and they believe that their memorandum complies with the applicable Local Rules and the Court's Individual Preferences for formatting memoranda. The parties have conferred and agree that all parties will use Microsoft's double-spaced setting in all future submissions that require double-spacing.