UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANO TORRES and<br>LESTER WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES CARLSON, AIDAN PARISI<br>GRANT MINER, CATHERINE<br>CURRAN-GROOME, PEOPLE'S<br>FORUM, INC., LISA FITHIAN,<br>GABRIEL YANCY, ETHAN CHOI,<br>and JOHN DOES 1–40,<br><br>Defendants. | NOTICE OF SUPPLEMENTAL<br>AUTHORITY<br><br>Civil Action No.:   25-CV-3474 |

**DEFENDANT THE PEOPLE'S FORUM'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The People's Forum (TPF) respectfully advises the Court of the ruling, *StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech.*, No. 24-1800, 2025 U.S. App. LEXIS 27390, at *1 (1st Cir. Oct. 21, 2025) (Exhibit A).

Particularly relevant is the affirmation of the district court's holding that plaintiffs, there Jewish students, failed to allege a violation of 42 U.S.C. § 1985 as presenting a racist (i.e., anti-Jewish or anti-Semitic) purpose where encampment activists' purpose was pressuring their university to accede to policy demands including divestment from Israel, expressing solidarity, opposing genocide by Israel, and to "defend Palestine." *Id.* at *46–52 (citing *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 275 (1993); *see* Mem. of L. in Supp. of Def. TPF's Mot. to Dismiss Pls.' First Am. Compl. ("TPF Mem."), ECF No. 36-1 at 21–22 (Sept. 19, 2025) (citing *Bray*, 506 U.S. at 275, and *StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech.*, 742 F. Supp. 3d 133, 143 (D. Mass. 2024)); *See also* FAC ¶¶ 154, 135 (alleging *Torres* purpose was to pressure Columbia for policy change, i.e., "divestment, financial transparency, and amnesty").

1

The First Circuit squarely rejects plaintiffs' conflation of anti-Zionism with anti-Jewish racism, *StandWithUs*, at *26 – *35, a conflation which finds no "consensus" in either definitions, academic discourse, or anywhere conclusive. *Id.* at *28; *See,* TPF Mem. 10 –13. The expansion of "anti-Semitism" beyond the sordid "litany of [anti-Jewish] epithets and tropes" to encompass condemnation of "the Israeli state and its treatment of Palestinians" is not cognizable under 42 U.S.C. § 1985(3). *See StandWithUs*, at *26 – 27; TPF Mem. 10.

Just as *Torres* is a SLAPP suit, the First Circuit twice characterizes plaintiffs as acting as "censor," *StandWithUs*, at *25, *28, and citing the First Amendment, holds "[t]he government cannot empower a private party to punish speech on a matter of public concern absent unusual circumstances not present here." *StandWithUs*, at *23 - 24 (collecting cases).

*StandWithUs* rejects the use of isolated claims of anti-Jewish harassment to impugn an entire group's motivation and rejects as conclusory plaintiffs' oft-repeated invocations of "anti-Semitism."

| | |
|---|---|
| October 27, 2025 | Respectfully submitted, |
| | /s/ *Mara Verheyden-Hilliard*<br>Mara Verheyden-Hilliard<br>mvh@justiceonline.org |
| | /s/ *Carl Messineo*<br>Carl Messineo<br>cm@justiceonline.org |
| | /s/ *Sarah Taitz*<br>Sarah Taitz<br>sarah.taitz@justiceonline.org |
| | PARNERSHIP FOR CIVIL JUSTICE FUND<br>617 Florida Ave. NW<br>Washington, D.C. 20001<br>(ph): 202-232-1180<br>(Fax) 202-747-7747 |
| | *Counsel for Defendant The People's Forum* |