UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANO TORRES and LESTER WILSON, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES CARLSON, AIDAN PARISI, GRANT MINER, CATHERINE CURRAN-GROOME, PEOPLE'S FORUM, INC., LISA FITHIAN, GABRIEL YANCY, ETHAN CHOI, and JOHN DOES 1–40, <br><br> Defendants. | Civil Action No. 1:25-cv-03474 (CM) <br><br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

TORRIDON LAW PLLC

Brett D. Katz
800 Westchester Avenue
Rye Brook, New York 10573
(646) 787-9290

Tara Helfman (*pro hac vice*)
Chase T. Harrington (*pro hac vice*)
801 Seventeenth Street, NW, Suite 1100
Washington, DC 20006
(202) 249-6900

Jeffrey B. Jensen (*pro hac vice*)
Julia Tang (*pro hac vice*)
13354 Manchester Rd., Suite 210
St. Louis, Missouri 63131
(314) 920-0138

THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW

Kenneth L. Marcus (*pro hac vice forthcoming*)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
(202) 559-9296

Richard A. Rosen
David M. Dince
Paul M. Eckles
1675 Broadway
New York, NY 10019
(212) 653-0630

*Attorneys for Plaintiffs Mariano Torres and Lester Wilson*

Plaintiffs Mariano Torres and Lester Wilson submit this memorandum of law in support of their motion to strike a declaration submitted by Individual Defendant James Carlson ("Carlson"), ECF No. 41 (the "Carlson Declaration"), in support of his motion to dismiss, ECF No. 39 ("Motion to Dismiss"). The Carlson Declaration challenges the well-pleaded factual allegations of Plaintiffs' First Amended Complaint ("FAC"), ECF No. 27. It is black letter law that factual disputes are not appropriate at the motion to dismiss stage and, as a result, the declaration serves no proper purpose. *See, e.g.*, *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). Accordingly, the Court should strike the Carlson Declaration and should not consider its contents in ruling on the Motion to Dismiss.

## BACKGROUND

Shortly after midnight on April 30, 2024, members of a highly coordinated mob (the "Occupiers") armed themselves with rope, zip ties, and crow bars, and smashed their way through the doors and windows of Columbia University's Hamilton Hall. FAC ¶ 1. Once inside, the masked invaders encountered two janitors who were working the overnight shift cleaning the building's classrooms and bathrooms. *Id.* The Occupiers terrorized the two men, assaulted and battered them, held them against their will, and derided them as "Jew-lovers" and "Zionists." *Id.* Plaintiff Mariano Torres is a janitor at Columbia University. *Id.* ¶ 4. He was hard at work inside Hamilton Hall when the Occupiers invaded the building. *Id.* When he attempted to defend himself from the Occupiers, he was physically assaulted, threatened, and held against his will. *Id.* And when he repeatedly refused to accept bribes from the Occupiers, his assailants shouted, "What are you, a Jew-lover?" They repeatedly called him a "Jew-lover" and "Zionist," and they asked him, "Why are you protecting them?" *Id.* As Mr. Torres pushed his way through the crowd, he was confronted by Defendant James Carlson, who was wearing a mask and a navy-blue Columbia hooded sweatshirt, and who began violently shoving Mr. Torres. *Id.* ¶ 121. Carlson repeatedly

shoved Mr. Torres and stood in his way to block his exit. *Id.* ¶ 123. In the struggle, Mr. Torres managed to remove Carlson's mask along with the hooded sweatshirt. *Id.* Carlson then threatened Mr. Torres, saying, "I'm going to get twenty guys up here to fuck you up." *Id.* ¶ 124. Mr. Torres pulled a fire extinguisher, which was within arm's reach, off the wall to defend himself and replied, "I'll be right here." *Id.* Carlson then backed away. *Id.* The FAC includes a picture of the confrontation between Carlson and Mr. Torres in which Carlson's sweatshirt is lifted and his stomach is visible. *Id.* ¶ 123. Carlson was subsequently arrested by the NYPD when they cleared the building the next day. *Id.* ¶¶ 140–41.

On October 20, 2025, Defendants Carlson, Aidan Parisi, Lisa Fithian, and Ethan Choi (collectively, the "Individual Defendants") filed the Motion to Dismiss. ECF No. 39. In support of that portion of the Motion to Dismiss that seeks dismissal of the assault claim against Carlson and Choi (Count Four), Carlson filed the Carlson Declaration. The self-serving Carlson Declaration asserts, "it appears that I have been misidentified," Carlson Decl. ¶ 6, as the person depicted in the photograph included at paragraph 123 of the FAC (the "Photo"), which depicts Mr. Torres grabbing an Occupier in a blue hooded sweatshirt inside of Hamilton Hall:



Notwithstanding that Carlson has been publicly reported as being the individual in the Photo, *see* FAC ¶ 23 n.8, the Carlson Declaration asserts that the Photo depicts two tattoos on the attacker's stomach, one on each side; that Carlson only has a tattoo on one side of his stomach; and that the one stomach tattoo he does have does not match the tattoo "depicted" in the photograph. Carlson Decl. ¶¶ 1–5. Notably, the Carlson Declaration does not claim that Carlson was not the attacker, nor does it plainly deny that Carlson is the individual in the Photo. Carlson concludes by offering to sit for a "brief" deposition about the content of his tattoos. *Id.* ¶ 5.

## **ARGUMENT**

The Carlson Declaration seeks to contest the FAC's assertion that Carlson was one of the Occupiers who assaulted Mr. Torres by suggesting that Carlson may have been misidentified in the Photo. *Id.* ¶ 6. A defendant, however, may not defeat a well-pleaded federal lawsuit by submitting an declaration saying "it wasn't me" and have that be the end of the matter. Carlson seems to recognize that the factual issues he raises—the location and appearance of his tattoos—cannot be resolved at the motion to dismiss stage and offers to sit for a limited deposition at some unspecified point in the future to address the issue. Carlson Decl. ¶ 5.

In ruling on a motion to dismiss, it is well-settled that it is "the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quotation omitted). Accordingly, "[o]n a Rule 12(b)(6) motion th[e] court cannot consider an affidavit submitted by Defendants," *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 164 n.12 (E.D.N.Y. 2018) (citing *Kopec*, 922 F.2d at 155), even when the defendant files an affidavit asserting that he is being sued in a case of mistaken identity, *see Levine v. Babiarz*, No. 22-cv-891, 2024 WL 1463767, at *3 (N.D.N.Y. Apr. 4, 2024); *see also Cyril v. Neighborhood P'ship II Hous. Dev. Fund, Inc.*, 124 F. App'x 26, 27 n.2 (2d Cir. 2005) (unpublished) (noting it "would have been

3

improper" for district court to consider affidavits presented by defendant); *Kopec*, 922 F.2d at 155 (vacating district court judgment because district court improperly "considered affidavits and exhibits . . . in granting the motion to dismiss"); *Novie v. Vill. of Montebello*, No. 10-cv-9436, 2012 WL 3542222, at *9 (S.D.N.Y. Aug. 16, 2012) ("[I]t is improper for a court to consider declarations and affidavits on a motion to dismiss."); *Wachtel v. National R.R. Passenger Corp.*, No. 11-cv-613, 2012 WL 292352, at *2 (S.D.N.Y. Jan. 30, 2012) ("While Plaintiff attached an affidavit to his opposition brief in an attempt to support his argument, the Court cannot consider affidavits in ruling on a motion to dismiss."); *McCracken v. Verisma Sys., Inc.*, 131 F. Supp. 3d 38, 52 (W.D.N.Y. 2015) (refusing to consider affidavit submitted by defendant because "it is generally improper to consider factual averments on a Rule 12(b)(6) motion").

Because the Carlson Declaration may not be considered at this stage, it serves no proper purpose, and the Court should strike it from the record. As this Court has previously recognized, declarations asserting facts outside the pleadings must be stricken when submitted at the motion to dismiss stage. *Collins v. Giving Back Fund*, No. 18-cv-8812, 2019 WL 3564578, at *2 (S.D.N.Y. Aug. 6, 2019) (McMahon, C.J.) (explaining that party "should have" "ask[ed] the Court to strike" a factual Declaration submitted as part of the motion to dismiss briefing). "[A] court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Diallo v. New York City*, No. 23-cv-1238, 2025 WL 522514, at *4 (S.D.N.Y. Feb. 18, 2025) (quotation omitted); *see, e.g.*, *Outlaw v. City of New York*, No. 22-cv-9288, 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) ("Courts have the inherent power to control their dockets and strike material from the docket reflecting procedural impropriety" (quotations and ellipses omitted)). This inherent authority includes the power to strike declarations improperly submitted to contest factual issues at the motion to dismiss stage. *See Abraham v.*

4

*Town of Huntington*, No. 217-cv-03616, 2018 WL 2304779, at *5 (E.D.N.Y. May 21, 2018) (striking affidavit because not "appropriate to consider on a motion to dismiss"); *cf. Jenkins v. City of New York*, No. 91-cv-3639, 1992 WL 147647, at *3–4 (S.D.N.Y. June 15, 1992) (striking affidavit with hearsay at summary judgment stage).

## **CONCLUSION**

Accordingly, the Court should exercise its inherent authority to strike the Carlson Declaration, and grant Plaintiffs such other, further, and different relief as the Court deems just and proper.

Respectfully submitted.

| | |
|---|---|
| TORRIDON LAW PLLC | THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW |
| Brett D. Katz<br>800 Westchester Avenue<br>Rye Brook, New York 10573<br>(646) 787-9290 | s/*Paul M. Eckles*<br>Kenneth L. Marcus (*pro hac vice forthcoming*)<br>1717 Pennsylvania Avenue, NW, Suite 1025<br>Washington, DC 20006<br>(202) 559-9296 |
| Tara Helfman (*pro hac vice*)<br>Chase T. Harrington (*pro hac vice*)<br>801 Seventeenth Street, NW, Suite 1100<br>Washington, DC 20006<br>(202) 249-6900 | Richard A. Rosen<br>David M. Dince<br>Paul M. Eckles<br>1675 Broadway<br>New York, NY 10019<br>(212) 653-0630 |
| Jeffrey B. Jensen (*pro hac vice*)<br>Julia Tang (*pro hac vice*)<br>13354 Manchester Rd., Suite 210<br>St. Louis, Missouri 63131<br>(314) 920-0138 | |

*Attorneys for Plaintiffs Mariano Torres and Lester Wilson*