# Torridon Law PLLC

801 17th St. NW, Suite 1110
Washington, DC 20006
(202) 249-6900

December 8, 2025

**BY CM/ECF**

Hon. Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

      Re:    *Torres & Wilson v. Carlson, et al.*, 1:25-cv-03474-CM
            Notice of Supplemental Authority

Dear Judge McMahon:

      Plaintiffs Mariano Torres and Lester Wilson (together, "Plaintiffs") respectfully submit for the Court's consideration a recent decision in *Buck v. Goyim Defense League*, No. 3:25-cv-00677, 2025 WL 3281595 (M.D. Tenn. Nov. 25, 2025). In that decision, the district court denied a motion to dismiss claims brought under 42 U.S.C. § 1985(3), and which were rooted in the right to be free from racial violence as guaranteed by the Thirteenth Amendment. A copy of that decision is enclosed. *See* Ex. A.

      As the Court is aware, Plaintiffs have sued The People's Forum ("TPF") and a number of individuals (the "Individual Defendants") who were involved in the violent takeover of Columbia University's Hamilton Hall in April 2024 for, among other things, conspiring to violate Plaintiffs' right to be free from racial violence in violation of 42 U.S.C. § 1985(3). *See* FAC, ECF No. 27, ¶¶ 97–108, 121–24, 131, 133–34, 149–50, 155, 159. TPF and Individual Defendants moved to dismiss that claim (among others), *see* ECF Nos. 36, 40, arguing that that "[t]he 'right to be free from racial violence' is not cognizable under § 1985(3)." *See* ECF No. 36-1 at 21; *see also* ECF No. 40 at 1–2 (incorporating TPF's arguments by reference). This same argument was raised *and expressly rejected* in *Buck v. Goyim Defense League*, decided two weeks after Plaintiffs filed their consolidated memorandum of law in opposition to the motions filed by TPF and the Individual Defendants, ECF No. 52 ("Opp'n Mem.").

      In *Buck*, the district court ruled that plaintiffs plausibly alleged that the Goyim Defense League, much like TPF and the Individual Defendants here, engaged in an anti-Semitic conspiracy to engage in racial violence against "people who were perceived as Black, Jewish *or their supporters*." Slip op. at 8–9 (emphasis added); *see id.* at 21–27, 32–33. The court specifically held that "there is a Thirteenth Amendment right to be free from racial violence, and that Section 1985(3) may be used to vindicate that right." *Id.* at 27. Indeed, the court based its decision on the

**Torridon Law PLLC**

Hon. Colleen McMahon, U.S.D.J.
December 8, 2025
Page 2 of 2


very same authorities that Plaintiffs cite in their Opposition Memorandum, including *Griffin v. Breckenridge*, 403 U.S. 88 (1971) and *Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018). *See Buck*, slip op. at 23–25; Opp'n Mem. 19, 28, 30.  Moreover, in denying the defendants' motion, Judge Eli Richardson carefully considered and rejected as "less persuasive" the main cases, including *Hogan v. Cnty. of Lewis, N.Y.*, 2015 WL 1400496 (N.D.N.Y. Mar. 26, 2015) and *Emanuel v. Barry*, 724 F. Supp. 1096 (E.D.N.Y. 1989), on which the Defendants here rely.  *See Buck*, slip op. at 26–27; TPF Mot., ECF No. 36-1 at 21; *compare* Opp'n Mem. 27 (explaining why these cases are not persuasive).

      Accordingly, we respectfully request that the Court consider this new authority in connection with its determination of the pending motions to dismiss.  We thank the Court for its continued attention to this matter.

Respectfully submitted,

 /s/ Brett D. Katz
Brett D. Katz

cc:    All counsel of record (by CM/ECF)

Encl.