**Torridon Law PLLC**
801 17th St. NW, Suite 1110
Washington, DC 20006
(202) 249-6900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2026

January 30, 2026

*[Handwritten note: 2/2/2026 I will decide the motion before setting a discovery schedule]*

**VIA CM/ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

MEMO ENDORSED

Re:   *Torres & Wilson v. Carlson, et al.*, 1:25-cv-03474-CM

Dear Judge McMahon:

  This firm, together with the Louis D. Brandeis Center for Human Rights Under Law, represents plaintiffs Mariano Torres and Lester Wilson in this case. Now that Defendants' motions to dismiss the Amended Complaint have been fully briefed, we write to request that the Court schedule a preliminary conference in this action for its earliest available date. Defendants oppose this request.

  The Court originally scheduled a preliminary conference for September 11, 2025, ECF No. 6, but later postponed it upon application by Defendants until Defendants' motions to dismiss were "fully briefed," *see* ECF No. 31 at 1. The Court did not grant an indefinite stay of discovery pending the Court's *disposition* of the motions to dismiss, and so, given that the motions were "fully briefed" as of December 12, 2025, Plaintiffs respectfully request that a preliminary conference be scheduled so that the Court may enter a Case Management Order.

  Last week, we requested that Defendants' counsel provide dates and times between January 26 and February 6 to meet and confer pursuant to Federal Rule of Civil Procedure 26(f), so the parties could proceed with preliminary disclosures, discuss a schedule for service of written discovery, and, if necessary, third-party discovery. Defendants' counsel did not provide dates. Instead, they asserted that a Rule 26(f) conference would be premature because "the Initial Scheduling Conference has not yet been rescheduled," and suggested that "it would not be possible for the parties to meaningfully confer pursuant to Rule 26(f) or regarding a proposed case management plan where the nature and scope of live claims is undetermined and where, we believe, all claims against our client will be fully dismissed." Defendants' confidence in their own arguments does not exempt them from their obligation to meet and confer under Rule 26(f), nor does it warrant delaying discovery, particularly where Defendants have neither sought nor obtained a stay of discovery.

  Indeed, Defendants cannot show good cause to obtain a stay of discovery. To determine whether good cause has been shown to stay "discovery pending a motion [to dismiss]," courts consider a three-factor test: "(1) [the] breadth of discovery sought, (2) any prejudice that would

**Torridon Law PLLC**

Hon. Colleen McMahon
January 30, 2026
Page 2 of 2

result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (first brackets added).

Here, Plaintiffs seek only limited discovery while the Court considers the motions to dismiss: (1) exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(i); (2) an initial set of Requests for Production served on each Defendant; (3) an initial set of Interrogatories under Local Civil Rule 33.3 served on certain Defendants; and (4) an initial set of third-party subpoenas directed to non-parties likely to possess discoverable information concerning the civil rights conspiracy underlying Plaintiffs' claims. The burden of this written discovery on Defendants is minimal, particularly because the individual Defendants seek dismissal of only certain federal claims and the state-law claims will proceed against them regardless of the outcome of their motion, either in federal or state court. Moreover, Plaintiffs' third-party discovery imposes no burden on Defendants. Notwithstanding Defendants' subjective assessment of the strength of their motions, Plaintiffs believe that their opposition—together with two Notices of Supplemental Authority, *see* ECF Nos. 55 and 59—demonstrates the viability of their claims under 42 U.S.C. §§ 1985(3) and 1986, and that the Court will allow those claims to proceed.

Accordingly, we respectfully request that the Court conduct a preliminary conference at its earliest availability. We thank the Court for its continued attention to this matter.

Respectfully submitted,

*Brett D. Katz*

cc:   All counsel of record (via CM/ECF)