

Carl Messineo • 617 Florida Avenue NW, Washington, DC 20001
202.277.4625 • *cm@justiceonline.org* • JusticeOnline.org

February 9, 2026

<u>VIA ECF</u>
Honorable Colleen McMahon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Torres v. Carlson*, Case No. 25-cv-3474
       The People's Forum's Response to Plaintiffs' Notice of Supplemental Authority
       Regarding *Weinberg v. National Students for Justice in Palestine*, No. 2:25-cv-03714,
       2026 U.S. Dist. LEXIS 10380 (C.D. Cal. Jan. 20, 2026) ("*Weinberg*")
       <u>ECF No. 59 (Jan. 30, 2026) ("Pls.' Notice").</u>

Dear Judge McMahon:

The *Weinberg* case compels dismissal of claims against The People's Forum ("TPF").

In *Weinberg*, the alleged actionable misconduct was a "fortified encampment," *Weinberg*, at *4, where allegedly violence was used to assault and "physically prevent[] Jews from entering the encampment." *Id.* at *5. The conspiratorial agreement was that National Students for Justice in Palestine (NSJP) "organized a campus encampment together with . . . People's City Council." *Id.* at *18-19 (quoting *Weinberg* FAC ¶ 63). NSJP and PCC are alleged parties to that conspiratorial agreement, each allegedly directly organized, recruited and trained others to use force, supplied and erected a fortified encampment which engaged in anti-Jewish violence injuring the Plaintiffs, who are Jewish. *Id.* at *5.

In *Torres*, the alleged actionable misconduct is the seizure of Hamilton Hall.[1] The purported conspiratorial agreement was allegedly that persons and groups, including Jewish representatives from Jewish Voice for Peace (JVP) and *excluding* TPF, organized and executed "their coordinated plan to seize Hamilton Hall." Memorandum of Law in Support of Defendant The People's Forum's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 36-1 at 3

---

[1]    The People's Forum is not alleged to be present at or organizer of the encampment, which is presented as a backdrop of "anti-semitic [sic]" animus. TPF MTD 6; Pls' Opp 6-7 (arguing Jewish Voice for Peace and others, excluding TPF, organized encampment); TPF Reply 2.

("TPF MTD") (citing *Torres* FAC ¶ 101); Pls.' Opp. 8 (conceding TPF not a party to conspiratorial agreement*; excluding TPF* from list of allegedly conspiring organizations and including Jewish Voice for Peace); Defendant The People's Forum's Reply Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 59 at 1 ("TPF Reply"). This plan is alleged to have countenanced violence against "anyone who might stand in their way" as distinguished from targeting Jews in particular. TPF MTD 3 (citing *Torres* FAC ¶ 154). TPF is not alleged to have participated in the seizure of Hamilton Hall. TPF MTD 5 (citing *Torres* FAC ¶¶ 151, 157); Pls.' Opp. 1 (conceding TPF not a participant); TPF Reply 1-2 . The alleged conspiratorial agreement and its execution resulted in injury to Plaintiffs, who are neither Jewish nor supporters of Jews.

Plaintiffs represent that *Weinberg* permitted conspiracy claims to proceed against NSJP and PCC solely because each had engaged a "coordinated social media campaign" coupled with the "organizational and logistical sophistication" of individuals at the encampment. Pls.' Notice 1 (quoting *Weinberg*, at *7).

The issue in *Weinberg* was not that defendants engaged in social media statements or anti-Zionist advocacy or called for lawful *off-campus* rallies, as TPF did, but that their campaign was specifically "encouraging [NSJP and PCC's] followers to join the encampment" at the heart of a conspiratorial agreement to which each was a party/participant and by which each had allegedly organized, trained, recruited, and led followers on-the-ground to establish a fortified on-campus encampment that used violence against Jews.

The *Weinberg* FAC alleged with particularity that (1) NSJP "organized a campus encampment together with" PCC, (2) their organizers erected a "fortified encampment" with barricades and security teams which used force against Jews, (3) NSJP and PCC deployed "organizers" who were "on the ground helping to lead the encampment" and who "equipped and trained 'human phalanxes' and 'organized self-defense teams' that were deployed at the 'front lines' of the encampment" to engage in violence, (4) PCC "issued statements purporting to be from the encampment on its official letterhead and using its official logo," and (5) PCC published lists of supplies, including goggles and shields, to be used by "security teams" alleged to have engaged in violence against plaintiffs. *Id.* at *19-20, *4.

*Torres* Plaintiffs do not allege that TPF was present at the occupation of Hamilton Hall nor that TPF was participant to the conspiratorial agreement planning seizure of Hamilton Hall. TPF's social media posts encouraged followers to join rallies at specific locations *outside* of Columbia's campus. *Id.* at 5. *Cf.* Pls.' Notice of Supp. Auth 1 (misleadingly stating that TPF called on its followers to "mobilize to Columbia" and intentionally omitting with a persistent lack of candor that the published location of these rallies was outside of Columbia). Plaintiffs do not allege that TPF spoke on behalf of those who seized the Hall or procured supplies for such seizure.

Plaintiffs' Notice emphasizes "timing" of a couple of April 29, 2024, social media posts as evidence of "synchronicity." *Id.* at 1-2. Not only was the whole world watching but TPF was participating in an ongoing rally outside of Columbia as news of the seizure travelled quickly.

*Weinberg* also supports TPF's arguments that Plaintiffs have not alleged that the purpose of

the alleged conspiracy was to violate the civil rights of Jewish people. *See* TPF MTD 21-22. *Weinberg* cited the allegations that the encampment "established a complex checkin, wristband, and vouching system to keep out Zionists," enforced by armed members and that the "sheer volume of alleged incidents of exclusion and violence against Jews" raised an inference that encampment organizers intended to deprive Jews including the *Weinberg* plaintiffs, who are Jewish, of their civil rights. *Weinberg*, at *24-26. Here, the *Torres* plaintiffs do not allege that the *purpose* of the takeover of Hamilton Hall was to exclude Jewish persons, indeed Plaintiffs include Jewish Voice for Peace among the planners of the seizure. Plaintiffs present facts more similar to those present in *StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech.*, 158 F.4th 1 (1st Cir. 2025), which the *Weinberg* court acknowledges led to dismissal because they "failed to plead that the student activist groups conspired 'for the very purpose' of depriving [Jewish] plaintiffs of their constitutional right to be free from racial violence" *Weinberg*, at *23.

Notably, *Weinberg* expressly states that it did not consider plaintiffs' conflation of anti-Zionist advocacy with anti-Jewish animus because that argument was not properly raised on opening motion to dismiss. *See id.* at *27 n.6. *Compare* TPF MTD 11-13.

Respectfully submitted,

*/s/ Carl Messineo*
Carl Messineo
cm@justiceonline.org

*/s/ Mara Verheyden-Hilliard*
Mara Verheyden-Hilliard
mvh@justiceonline.org

*/s/ Sarah Taitz*
Sarah Taitz
sarah.taitz@justiceonline.org

PARTNERSHIP FOR CIVIL JUSTICE FUND
617 Florida Ave. NW
Washington, D.C. 20001
(ph): 202-417-2060
(fax) 202-747-7747

*Attorneys for Defendant The People's Forum*